IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON CHARLEY, ) | CASE NO. 1:09CV1289 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE BOYKO |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| WANZA JACKSON, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Brandon Charley ("Charley") pursuant to 28 U.S.C. § 2254 on May 8, 2007.  Charley is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State vs. Charley*, Case No. CR 451763 (Cuyahoga County 2004).  For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

The May 2004 term of the Cuyahoga County grand jury indicted Charley on one count of murder, one count of aggravated robbery, and one count of robbery. The state appellate court reviewing Charley's conviction on direct appeal found the following relevant facts:

> On April 28, 2004, Ruperto Morales died as a result of being thrown from his vehicle. Two eyewitnesses testified that two transvestite prostitutes were sitting on a porch across the street. Morales stopped his car and began talking to the

prostitutes.  One of the prostitutes jumped into the car and began driving away.  Morales yelled "hey" and grabbed onto the outside of his car on the passenger side.  The driver swerved the car and collided with another vehicle, at which point Morales was sent somersaulting into the air and fell to the street.  Morales was pronounced dead at the hospital.  An expert witness testified that Morales' death resulted from the injuries he suffered in the described incident.

{¶ 3} An accident reconstructionist testified concerning information retrieved from the vehicle's crash data recorder box.  This witness indicated that, in the five seconds preceding impact, the car was being operated full throttle at increasing speeds without the use of the brake.

{¶ 4} Police found defendant running from the scene bleeding.  Defendant was returned to the scene but left when police were distracted by the victim's condition.  Police later arrested defendant in the area.

{¶ 5} Defendant argued to the jury that he fled in Morales' vehicle in self-defense.  The State introduced defendant's statement to police.  Defendant told police he was in the process of soliciting Morales when an unidentified female "crack head" told Morales that defendant was not a female.  This enraged Morales who began beating defendant.  In an effort to flee further assault, defendant moved into the driver's seat and drove.  Morales allegedly kicked defendant in the head through the window causing him to lose control of the car and hit a parked vehicle.

{¶ 6} Although the defense cross-examined the witnesses as to the facts alleged by defendant, none of the witnesses corroborated his version of the events.

{¶ 7} Defense counsel also focused on the discovery of one of the victim's boots.  According to police, the boot was found in the street and placed in the car before the incident was classified a homicide.  The defendant suggested, through cross-examination and argument to the jury, that the boot was never in the street but came loose in the car when the victim was kicking defendant prior to impact.

*State v. Charley*, 2005 WL 1907345, at *1 (Ohio App. Aug. 11, 2005).  The jury found Charley guilty on all counts.  The court sentenced Charley to 15 years to life imprisonment for murder, 6 years for aggravated robbery, and 5 years for robbery, all sentences to run concurrently.

Charley timely filed a notice of appeal of his conviction on December 9, 2004.  He raised three assignments of error on appeal:

> Assignment of Error No. I: Defendant-appellant was not accorded effective assistance of counsel.
>
> Assignment of Error No. II: The verdict of the jury finding defendant-appellant guilty of murder, aggravated robbery and robbery is against the manifest weight of the evidence.
>
> Assignment of Error No. III: The trial court erred in admitting the state's exhibits into evidence because they were prejudicial, and cumulative.

(Spelling altered from the original.) On August 22, 2005, the state appellate court overruled Charley's assignments of error and affirmed the judgment of the trial court. Charley did not timely file a notice of appeal to the Ohio Supreme Court.

On January 5, 2009, Charley filed in the Ohio Supreme Court a motion to file a delayed appeal. The Ohio Supreme Court denied this motion on February 12, 2009.

On January 8, 2009, Charley filed in the state appellate court an application to reopen his direct appeal pursuant to Ohio App. R. 26(B). In his application, Charley asserted the following claims:

> Assignment of Error No. One:
>
> Appellant received ineffective assistance of appellate counsel when appellate counsel failed to raise ineffective assistance of trial counsel for trial counsel's failure to address the structural errors contained in appellant's indictment. Appellant's indictment omits the mens rea element for all three counts of the indictment in violation of appellant's 6th and 14th Amendment right of the u.s. constitution.
>
> Assignment of Error No. Two:
>
> Appellant was denied effective assistance of appellate counsel due to appellate counsel's failure to notify appellant of the decision rendered by this court on August 11, 2005. Appellant was unable to file a timely appeal in the Ohio Supreme Court and was unable to file a timely application to reopen his direct appeal (26-b), in violation of his 6th and 14th Amendment rights of the U. S. Constitution.

3

Assignment of Error No. Three:

Appellant was denied effective assistance of appellate counsel due to appellate counsel's failure to raise or address ineffective assistance of trial counsel for trial counsel's failure to re-call state's witnesses Colleen Brown, Olivia Gaines, Jason Steckle to address the contradictory/perjured testimony given by them in violation of appellant's 6th and 14th amendment rights of the U. S. Constitution.

Assignment of Error No. Four:

Appellant was denied effective assistance of appellate counsel when appellate counsel failed to raise or address in his direct appeal prosecutorial misconduct, due to the fact that police officer Mchael Skora tampered with evidence, altered the crime scene.  In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Assignment of Error No. Five:

Appellant was denied effective assistance of appellate counsel when appellate counsel failed to raise in his direct appeal prosecutorial misconduct in the state's closing arguments. In violation of appellants [sic] 6th and 14th Amendment rights of the U.S. Constitution.

Assignment of Error No. Six:

Appellant was denied effective assistance of appellate counsel when appellate counsel failed to raise or address in his direct appeal ineffective assistance of trial counsel for trial counsel's failure to have scientific testing done on the victim's boot that was found inside the car, D.N.A. evidence would have proven appellants [sic] assertions.  In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

(Punctuation and capitalization altered from the original.)  The state appellate court denied Charley's application as untimely and for failing to show good cause for the delay on March 17, 2009.

Charley alleges that he attempted to file a timely appeal of this decision to the Ohio Supreme Court but that his mailed filing was returned to him by the prison authorities because it used regular stamps, which was against prison policy.  Charley further explains

4

that because the Ohio Supreme Court does not permit delayed appeals of a denial of an application to reopen pursuant to R. 26(B), he did not attempt to file in the Ohio Supreme Court a delayed appeal of the denial of the denial of his R. 26(B) application.

Meanwhile, on September 22, 2008, Charley filed in the trial court a motion for leave of court to file a motion for a new trial pursuant to Ohio Crim. R. 33(B). The trial court denied this motion on October 27, 2008. He did not appeal this judgment.

Charley filed a petition for a federal writ of habeas corpus in this court on June 5, 2009. Charley asserts nine grounds for relief, denominated as "propositions of law":

Ground One: Petitioner received ineffective assistance of appellate counsel when appellate counsel failed to raise ineffective assistance of trial counsel for trial counsel's failure to address the structural errors contained in appellant's indictment. Appellant's indictment omits the mens rea element for all three counts of the indictment in violation of appellant's 6th and 14th Amendments of the U.S. Constitution.

Ground Two: Petitioner was denied effective assistance of appellate counsel. Due to appellate counsel's failure to notify appellant of the decision rendered by this court [sic] on August 11, 2005, appellant was unable to file a timely appeal in the Ohio Supreme Court and was unable to file a timely application to reopen his direct appeal (26-b), in violation of his 6th and 14th Amendment rights of the U.S. Constitution.

Ground Three: Petitioner was denied effective assistance of appellate counsel due to appellate counsel's failure to raise or address ineffective assistance of trial counsel for trial counsel's failure to re-call state's witnesses Colleen Brown, Olivia Gaines, [and] Jason Steckle to address the contradictory/perjured testimony given by them. In violation of Appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Ground Four: Petitioner was denied effective assistance of appellate counsel when appellate counsel failed to raise or address in his direct appeal prosecutorial misconduct, sue to the fact that police officer Michael Sikora tampered with evidence, altered the crime scene. In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Ground Five: Petitioner was denied effective assistance of appellate counsel when appellate counsel failed to raise in his direct appeal prosecutorial misconduct in the

5

state's closing arguments. In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Ground Six: Petitioner was denied effective assistance of appellate counsel when appellate counsel failed to raise or address on direct appeal ineffective assistance of trial counsel for trial counsel's failure to have scientific testing done on the victim's boot that was found inside the car. D.N.A. evidence would have proven appellant's assertions. In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Ground Seven: Petitioner was denied effective assistance of trial counsel due to trial counsel's failure to provide petitioner with a meaningful defense. In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Ground Eight: The verdict of the jury finding petitioner guilty of murder, aggravated robbery, and robbery was based on insufficient evidence and against the manifest weight of the evidence. In violation of appellant's 6th and 14th Amendment rights of the U.S. Constitution.

Ground Nine: The trial court erred in admitting the state's exhibits into evidence because they were prejudicial and cumulative. In violation of appellant's 5th, 6th, and 14th Amendment rights of the U.S. Constitution.

(Punctuation, capitalization, and spelling altered from the original.) Respondent filed a motion to dismiss on September 29, 2009 (Docket #5). Charley filed an opposition to the motion on October 23, 2009 (Docket #6).

II

*A. Jurisdiction*

Charley was sentenced by the Court of Common Pleas of Cuyahoga County, Ohio. Charley filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within

> which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). This court has jurisdiction over Charley's claims.

*B. Statute of Limitations*

Respondent argues that Charley's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The state appellate court entered final judgment on Charley's direct appeal on August 22, 2005. Charley had 45 days to file a notice of appeal to the Ohio Supreme Court. Ohio S. Ct. Prac. R. II, § 2(A). Charley failed to file a timely notice of appeal by October 6, 2005. The statutory period began to run, therefore, on October 7, 2005, and it expired on October 6, 2006. Consequently, Charley's petition, filed in this court on June 5, 2009, is untimely.

Charley contends, however, that the court should equitably toll the running of the

7

statutory period because his appellate counsel failed to tell him of the appellate court's decision of August 22, 2005. Charley asserts that because of this failure he was unable to file a timely appeal in the Ohio Supreme Court and unable to file a timely motion to reopen pursuant to R. 26(B).[1]

A petitioner may be entitled to equitable tolling upon a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Federal courts use equitable tolling sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984).

In the instant case, Charley filed an appeal of his conviction on December 9, 2004. Charlie did not again file a document related to his appeal until January 5, 2009, when he filed a motion for a delayed appeal. Charlie claims that he did not act sooner because his attorney did not tell him that the state appellate court had already handed down a decision.

---

[1] An untimely filing is not a "properly filed" document that tolls the running of the statute of limitations at 28 U.S.C. § 2244(d)(1). *See Artuz v. Bennett*, 531 U.S. 4, 8, 9-10 (2000). Moreover, a timely filing for collateral relief after the statutory period has expired does not revive an expired statutory period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Even if Charley acted quickly and diligently by filing his motion for a delatyed appeal within a month of learning that the state appellate court had handed down its decision, he has failed to explain why he did not inquire into the status of his direct appeal for more than four years after filing that appeal and until more than three years after the state appellate court had made its decision.  This cannot be called a diligent pursuit of one's rights by any reasonable standard.[2]  As Charley failed to act diligently in the pursuit of his rights, he cannot invoke equitable principles to excuse his lack of diligence.  Charley's petition should be dismissed as untimely.

III

For the reasons given above the magistrate judge recommends that the court grant respondent's motion and dismiss Charley's petition for a writ of habeas corpus.

Date:  October 29, 2009  /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United***

---

[2] *See Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (finding that appellant's eleven month delay before inquiring into the status of his appeal was sufficiently diligent to warrant equitable tolling); *Drew v. Department of Corrections*, 297 F.3d 1278 (11th Cir. 2002) (finding that a sixteen month delay before inquiring into the status of an application for postconviction relief was not diligence in pursuing one's rights); and *Iavorski v. United States Immigration and Naturalization Serv.*, 232 F.3d 124 (2d Cr. 2000) (finding that plaintiff's delay of nearly two years in making inquiries as to his immigration status following a deportation hearing was not due diligence).

9

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.